**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Andrew Bonanno, Jr., | |
| Plaintiff, | |
| v. | |
| Reading Hospital, | Case No. _____ |
| Defendant. | |
| | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Andrew Bonanno, Jr.  (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1.      Plaintiff initiates this action to redress violations of Reading Hospital (hereinafter referred to as "Defendant") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*), the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

## JURISDICTION AND VENUE

2.      This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Plaintiff has properly exhausted his administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.").

<u>**PARTIES**</u>

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 54 Keener Road, Reinholds, PA 17569.

8.      Defendant is a Pennsylvania business corporation with a regular place of business located at 6th Avenue and Spruce Street, P.O. Box 16062, West Reading, PA 19611.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

<u>**FACTUAL BACKGROUND**</u>

10.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.     Plaintiff began working for Defendant as a Certified Pharmacy Technician on about July 28, 2008.

12.     At all times relevant herein, Plaintiff suffered from physical and mental impairments, including anxiety, chronic depression and learning disabilities.

13.     As a result of the aforementioned impairments, Plaintiff is substantially limited with respect to several major life activities, including but not limited to his ability to think, learn and retain information.

14.     Despite Plaintiff's impairments, at all times relevant herein, Plaintiff was capable of performing all of the essential functions of his job with Defendant.

15.     In or around 2015 or 2016, Defendant implemented a new policy whereby all Pharmacy Department employees were required to learn to perform all tasks within the Pharmacy Department.

16.     As a result of the policy described in Paragraph 16, in or around September of 2016, Plaintiff was assigned to begin working in the I.V. Room.

17.     At or around the time Plaintiff was assigned to begin working in the I.V. Room, he advised Supervisor, Timothy Fine ("Mr. Fine") of his impairments.

18.     Plaintiff was capable of performing all essential functions associated with working in the I.V. room. However, because of his impairments, he required additional time to complete certain tasks.

19.     Plaintiff requested reasonable accommodations insofar as he asked Mr. Fine that he be allowed additional time to complete tasks associated with his work in the I.V. room. Upon information and belief, Mr. Fine did not engage in any meaningful interactive process with respect to Plaintiff's request.

20.     While training in the I.V. room, Plaintiff was advised by his trainers that he was accurately completing all required tasks. In addition, Plaintiff was advised that the accuracy with which he completed the tasks was more important than the speed at which he did so.

21.     Despite being told by his trainers that accuracy was more important than speed, Mr. Fine advised Plaintiff that he was not completing the I.V. room tasks quickly enough. Mr. Fine further advised Plaintiff that he would be given three (3) weeks to improve with respect to his speed in the I.V. room.

22.     Plaintiff was not given the stated three (3) weeks to improve, as at or around the beginning of the third week of the three (3) week period described in Paragraph 21, Plaintiff was completely removed from the I.V. room schedule.

23.     On or around October 21, 2016, Plaintiff requested an FMLA leave of absence arising out of the aforementioned impairments.

24.     Although Plaintiff's FMLA leave was exhausted in January of 2017, Plaintiff took an extended leave of absence

25.     On or about March 13, 2017, Plaintiff's health care provider completed a Return to Work – Fitness for Duty certification. Therein, Plaintiff was cleared to return to work without restrictions as of April 6, 2017. A true and correct copy of the Fitness for Duty Certification is attached hereto as "Exhibit B." Plaintiff therefore anticipated returning to work on April 7, 2017.

26.     On March 15, 2017, Plaintiff visited Defendant's Human Resources department and provided a copy of the Fitness for Duty Certification to a receptionist and requested that same be delivered to Human Resources representative Mandy Bosech ("Ms. Boesch").

27.     On about March 17, 2017, Plaintiff met with Ms. Boesch. At that time, Plaintiff confirmed that she possessed his Fitness for Duty Certification and requested that Ms. Boesch

forward the Fitness For Duty certification to the head of the Pharmacy Department, John Mercer ("Mr. Mercer").

28.     On about March 20, 2017, Plaintiff received a phone call from Mr. Mercer and Human Resources representative Rebecca Park ("Ms. Parks"). During that phone call, Plaintiff was told that he was being terminated from employment effective April 6, 2017.

29.     Plaintiff believes, and therefore avers, that he was terminated for untrue and pretextual reasons because: 1) he was actually told that he had only three (3) weeks to improve his performance in the I.V. room; 2) he was removed from the I.V. room schedule before the expiration of the stated three (3) week period; 3) any purported time-related performance issues with respect to his work in the I.V. room were the direct result of his serious health conditions for which he had requested reasonable accommodations; 4) he was specifically advised that accuracy was more important than time with respect to I.V. room performance; and 5) he was terminated from employment the day before his anticipated return to work from a medical leave of absence.

30.     Plaintiff believes, and therefore avers that he was terminated because his disabilities, his request for reasonable accommodations and because he requested FMLA leave.

**Count I**
**Violations of the ADA**
**(Discrimination, Failure to Accommodate and Retaliation)**

31.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

32.     Defendant is an employer with the meaning of the ADA.

33.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

34.     As described in detail above, Plaintiff requested reasonable accommodations.

35.     Defendant did not engage in any meaningful interactive process with respect to Plaintiff's disability, and in doing so, failed to offer any reasonable accommodations.

36.     Defendant terminated Plaintiff's employment within a close temporal proximity of Plaintiff's request for reasonable accommodations.

37.     As described in detail in Paragraph 26, Defendant terminated Plaintiff's employment for pretextual reasons.

38.     Defendant's actions constitute violations of the ADA.

**Count II**
**Violations of the FMLA**
**Retaliation)**

39.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

40.     Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

41.     At all times relevant herein, Plaintiff was an FMLA eligible employee as he: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of her FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

42.     Plaintiff exercised his rights under the FMLA.

43.     Defendant retaliated against Plaintiff by terminating his employment within a close temporal proximity Plaintiff exercising his rights under the FMLA.

44.     The above actions constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esquire
**KRAEMER, MANES &**
**ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# EXHIBIT A

EEOC Form 161 (11/16)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To:  **Andrew Bonanno**<br>**54 Keener Rd**<br>**Reinholds, PA 17569** | From:  **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |
|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 530-2017-03679 | **Legal Unit** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie Williamson*

**Jamie R. Williamson,**
**District Director**

$2/16/18$
*(Date Mailed)*

Enclosures(s)

cc:     **Vincent Candiello**
        **Cozen O'Connor**
        **17 North 2nd Street**
        **Suite 1410**
        **Harrisburg, PA 17101**

        **Jonathan Chase, Esq.**
        **KM&A**
        **1515 Market St, Ste 1200**
        **Philadelphia, PA 19102**

# EXHIBIT B



## READING HEALTH
### S Y S T E M

Advancing Health. Transforming Lives.

## Return to Work – Fitness for Duty
This must be submitted to your supervisor/manager upon return to work.

---

### Part I – To be completed by Employee

Employee Name: AndRew BoNANNo JR.   Employee Phone Number: (610) 678-7446

Employee ID: 166105/               Department: PhARMACY

Employee Supervisor/Manager: RichARd LAMPRoN

First Day Absent From Work: 10/21/2016

---

### Part II – To be completed by Employee's Healthcare Provider

I certify that I have examined _Andrew Bonanno_ (name of employee)
and on the basis of my examination, this employee is able to perform his/her job duties
without restrictions effective April 6, 2017 (date).

Healthcare Provider Signature: _Nancy A. Hanley Moyer LCSW_   Date: 3/13/17

---

### Healthcare Provider Information (PLEASE PRINT):

Healthcare Provider Name: Nancy A. Hanley, -Moyer, LCSW

Address: Berkshire Psychiatric 716 N. Park Rd., Wyomissing, PA

City, State, Zip Code: Wyomissing, PA 19610

Phone Number: 610-375-0544

---

*Managers: Please forward this document to Human Resources Department
to be filled in the employee's medical/leave file*